UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

COMPOSITE EFFECTS, LLC,

                **Plaintiff,**

**Versus**

**ALL ELITE WRESTLING, LLC and
AUSTIN MATELSON,**

                **Defendants.**

**CAUSE NO. 2:22-cv-05351-EEF-MBN**

**DISTRICT JUDGE FALLON**

**MAGISTRATE JUDGE NORTH**

**ALL ELITE WRESTLING, LLC'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS COUNTS II, III, IV, V, AND VI OF THE COMPLAINT
FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**

By way of Counts II, III, IV, V, and VI of the Complaint, Composite Effects, LLC ("CFX")

purports to assert claims for unfair competition under the Lanham Act, unfair competition under

the Louisiana Unfair Trade Practices Act, conversion under Louisiana law, unjust enrichment

under Louisiana law, and liability for causing damages under LA. Civ. Code 2315. With regard to

each of these claims, CFX has either failed to assert a viable claim and/or attempted to plead a

claim that is clearly preempted by the Copyright Act. As such, Defendant All Elite Wrestling, LLC

("AEW") respectfully requests that these Counts be dismissed.

The Complaint centers around a "Viper Silicone Mask" that was purportedly created by

CFX and that is purportedly the subject of U.S. Copyright Registration No. VA-2-129-774.[1] (Dkt.

1, ¶ 16.) CFX alleges that it created customized masks based on the Copyrighted Work for Austin

Matelson ("Matelson") that were used by him in connection with his wrestling costumes. (*Id.*, ¶

18-20.) CFX further alleges that "Matelson was entitled to use the mask in events as a wrestler,

---

[1] CFX has defined the term "Copyrighted Work" to mean the "Viper Silicone Mask" as displayed in paragraph 16 of the Complaint. For the purpose of simplicity, AEW will use the same definition in this Motion.

but neither he nor anyone acting on his behalf was entitled to create merchandise that incorporated the mask design." (*Id.*, ¶ 23.)

CFX alleges that AEW's creation and sale of merchandise featuring images of the customized masks infringe CFX's copyright interest in the Copyrighted Work. (*Id.*, ¶ 23.) However, instead of stopping at simply asserting a copyright infringement claim, CFX asserts several additional causes of action based on the same operative facts. As demonstrated herein, these allegations either fail to state a viable claim under the relevant law or are clearly preempted by the Copyright Act.[2]

## I.      CFX Fails to State a Claim for Unfair Competition Under the Lanham Act (Count II of the Complaint)

CFX's claim under the Lanham Act should be dismissed for failure to state a claim. When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But to survive a Rule 12(b)(6) motion, a party must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The claim must be dismissed if there are insufficient factual allegations to raise the right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Here, CFX fails to state a plausible unfair competition claim under the Lanham Act because CFX has not alleged that it owns any rights that are subject to protection under the Lanham Act.

---

[2] CFX also asserts a claim for breach of contract against Matelson only. Since that claim is not asserted against AEW, it is not addressed in AEW's Motion.

15 U.S.C. § 1125 – the only Lanham Act section cited in the Complaint – relates to claims for "false designation of origin." "The test for false designation of origin under 15 U.S.C. § 1125 is the same as the test for trademark infringement of a federally registered mark under 15 U.S.C. § 1114(1)." *Luv N' Care, Ltd. v. Laurain*, Civil Action No. 3:16-cv-00777 (W.D. La. Nov. 29, 2018). To prevail on a claim of unfair competition under the Lanham Act, CFX must show two elements: (1) it possesses a trademark or similar symbol or device that is legally protectible under the Lanham Act; and (2) use by AEW of a similar trademark, symbol, or device in a manner that "creates a likelihood of confusion as to source, affiliation, or sponsorship." *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015).

While CFX dresses up its Lanham Act claim with allegations that sound like a Lanham Act action, it has not identified anything that it possesses that approximates trademark rights or serves a source indicating function. The only item of intellectual property that CFX identifies itself as owning is the Copyrighted Work. (Dkt. 1, ¶55). However, the Copyrighted Work is not a trademark, but is instead a product, namely, the mask shown in the image below that was taken from the Complaint (*see* ¶16):



In order for the look or design of a product like the Copyrighted Work to be protectible under the Lanham Act, CFX would need to assert trade dress rights in such product. *See Laney Chiropractic and Sports Therapy, P.A. v. Nationwide Mutual Ins. Co.*, 866 F.3d 254, 261 (5th Cir. 2017). "Trade dress" refers to a product's total image and overall appearance. *Id*. To state a claim for trade dress infringement, CFX would need to allege that the Copyrighted Work qualifies for trade dress protection, which would require an allegation that Copyrighted Work has acquired "secondary meaning." *WalMart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 216, 120 S.Ct. 1339, 1346 (2000) ("In an action for infringement of unregistered trade dress under § 43(a) of the Lanham Act, a product's design is distinctive, and therefore protectible, only upon a showing of secondary meaning," which is established when, "in the minds of the public, the primary significance of a mark is to identify the source of the product rather than the product itself.").

CFX has not even asserted that the Copyrighted Work is subject to trade dress protection, let alone identified what the elements of its trade dress are or asserted that those elements of the Copyrighted Work have acquired the requisite secondary meaning in the eyes of the consuming public. As such, CFX has not adequately pled, nor can it plead, that its rights in the Copyrighted Work are subject to protection under the Lanham Act. *See Express Lien, Inc. v. Handle, Inc*., Civil Action No. 19-10156 (E.D. La. Mar. 3, 2020) (Lanham Act claim dismissed because the plaintiff failed to adequately allege the necessary elements of a trade dress claim).

CFX's "Lanham Act claim amounts to nothing more than a copyrighted infringement claim disguised as a Lanham Act claim. Stated differently, [CFX] seeks to add additional protection to [its] copyrighted work through the Lanham Act. *Dastar* prevents claims of this nature." *Fioranelli v. CBS Broad. Inc.*, 232 F. Supp. 3d 531, 541 (S.D. N.Y. 2017) (citing *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003); *see also Slep-Tone Entm't Corp. v. Wired for Sound*

*Karaoke & DJ Servs., LLC*, 845 F.3d 1246, 1250 (9th Cir. 2017) ("When the claim is more accurately conceived of as attacking unauthorized copying, *Dastar* requires us to avoid recognizing a 'species of mutant copyright law' by making such claims cognizable under the Lanham Act.") As such, CFX's Lanham Act claim should be dismissed for failure to state a claim.

## II.     CFX Fails to State a Claim under the Louisiana Unfair Trade Practices Act (Count II of the Complaint) and/or Such Claim Is Preempted by the Copyright Act

CFX fails to state a claim under the Louisiana Unfair Trade Practices Act for the same reasons outlined regarding the Lanham Act claim. By way of the Louisiana Unfair Trade Practices Act claim (the "LUPTA Claim"), CFX asserts that:

> Defendants' unauthorized use in commerce of the Infringements as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, or sponsored by CFX, or that Defendants are in some way affiliated with or sponsored by CFX

(Dkt. 1, ¶60.) This assertion essentially mimics the assertions made in the Lanham Act claim. Again though, CFX has not identified any intellectual property that it owns or that is used by AEW that serves a source indicating function, such that consumer confusion could be plausible. As such, the LUPTA claim suffers from the same defect as the Lanham Act claim and should likewise be dismissed for failure to state a claim.

The LUPTA Claim is also subject to dismissal because it is preempted by the Copyright Act. "Section 301 of the Copyright Act preempts state law claims that fall within the general scope of federal copyright law." *Ultraflo Corp. v. Pelican Tank Parts, Inc.*, 845 F.3d 652, 655 (5th Cir. 2017). Courts in the Fifth Circuit apply a two-part test to determine if the Copyright Act preempts a state law cause of action. The first part of the test looks at "whether the intellectual property at issue is within the subject matter of copyright. If it is, then a state law claim is preempted if it

protects rights in that property that are equivalent to any of the exclusive rights within the general scope of copyright." *Id.* at 656.

By way of the LUPTA CLaim, CFX complains about AEW's use of the "Infringements" (Dkt. 1, ¶60), which term CFX defines as meaning "merchandising goods which incorporate the Copyrighted Work Design." (*Id.*, ¶28.) Because the Copyrighted Work is the subject of the copyright registration being asserted in this case, it is clear that the Copyrighted Work is within the subject matter of copyright.

With regard to this second prong of the preemption test, the Fifth Circuit explained as follows:

> We evaluate the equivalency of rights under what is commonly referred to as the "extra element" test. According to this test, if the act or acts of [the defendant] about which [the plaintiff] complains would violate both misappropriation law and copyright law, then the state right is deemed "equivalent to copyright." If, however, one or more qualitatively different elements are required to constitute the state-created cause of action being asserted, then the right granted under state law does not lie "within the general scope of copyright," and preemption does not occur.

*Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 787 (5th Cir. 1999). In that case, the Fifth Circuit held that a claim for Unfair Competition by Misappropriation under Texas law was preempted by the Copyright Act where the plaintiff's "misappropriation claim touch on interests clearly protected by the Copyright Act, including (1) the reproduction of its firmware, software, and manuals; (2) the use of these materials in the preparation of allegedly derivative works…; and (3) the distribution of these works in competition with [the plaintiff]." *Id.* at 789. *See also Daboub v. Gibbons*, 42 F.3d 285, 290 (5th Cir. 1995) (where the Fifth Circuit held that various Texas state law claims were preempted by the Copyright Act because they "center[ed] on the improper copying of the song, an interest clearly protected by the Copyright Act.... The core of each of

[their] state law theories of recovery ... is the same: the wrongful copying, distribution, and performance of the lyrics of" the song.).

AEW notes that there is an additional element to a claim brought under LUPTA. Namely, plaintiff must prove fraud, misrepresentation, or other unethical conduct. *See Schenck v. Living Centers-East, Inc.*, 917 F. Supp. 432, 439 (E.D. La. 1996). While CFX has alleged that AEW's conduct is "unethical, oppressive, unscrupulous, and substantially injurious to consumers" (Dkt. 1, ¶63), the only "conduct" complained of by CFX is the "use in commerce of the Infringements." (*Id.*, ¶60 and 62.) Accordingly, the LUPTA Claim is nothing more than a copyright claim dressed up under another name, with an additional allegation that the alleged "Infringements" were "unethical."

The fact pattern present here is the same as the one that was under consideration in *Alcatel* and *Daboub*. CFX is complaining about (1) the alleged reproduction of the Copyrighted Work; (2) the alleged use of the Copyrighted Work to create derivative works in the form of "Infringements"; and (3) the distribution of these "Infringements" in competition with CFX. As such, similar to the unfair competition and misappropriation claims in those other cases, CFX's LUPTA Claim should be dismissed on the grounds that it is preempted by the Copyright Act. Any other conclusion would essentially create a state copyright infringement action that turns on the determination of whether or not the infringement was "unethical."

### III.  CFX's Conversion Claim (Count IV of the Complaint) Is Preempted by the Copyright Act

CFX's conversion claim is preempted by the Copyright Act because CFX has not identified any *tangible* property that has purportedly been converted by AEW. "A state conversion claim that is based on the interference of intangible property is preempted by the Copyright Act, but a conversion claim based on the interference of tangible property is not." *Schumacher Homes of La.,*

*Inc. v. R.E. Wash. Constr. LLC*, Civil Action No. 2:16-cv-00423 (W.D. La. September 27, 2016) (*citing Carson v. Dynegy, Inc.*, 344 F.3d 446, 456-57 (5th Cir. 2003)).

In its conversion claim, CFX asserts that Matelson "provided manufacturers with documents depicting the Copyrighted Work and the modified design for use in manufacturing merchandise, products, and replica masks." (Dkt. 1, ¶69.) In addition, CFX alleges that "Defendants intentionally used the Copyrighted Work beyond the scope of Matelson's limited license, without the consent of CFX." CFX has not, however, identified any *tangible* property that it owned that has been converted by either defendant. While CFX's allegations reference "documents depicting the Copyrighted Work and the modified design," CFX does not even identify what those documents are, let alone that it has a possessory right over them. Moreover, while CFX's allegations reference use of the Copyrighted Work, there is no allegation that AEW possesses the tangible Copyrighted Work. (Dkt. 1, ¶16.)

Instead, what CFX complains about in its conversion claim is the purported use of the intangible rights that CFX purportedly has in the Copyrighted Work. This sort of a conversion claim based on the use of intangible rights is clearly preempted by the Copyright Act. As such, CFX's conversion claim should be dismissed.

## IV.   CFX's Unjust Enrichment Claim (Count V of the Complaint) Is Preempted by the Copyright Act

"'Unjust enrichment claims are qualitatively equivalent to a cause of action for copyright infringement and are preempted by the Copyright Act, unless the claims are based on a breach of contract or a fiduciary duty.'" *Schumacher Homes*, Civil Action No. 2:16-cv-00423 (*citing McConley v. Boise Bldg. Sols. Mfg., L.L.C.*, No. CIV.A. 05-1006-A, 2006 WL 709599, at *5 (W.D. La. Mar. 21, 2006); *Dorsey v. Money Mack Music, Inc.*, 304 F. Supp. 2d 858, 865 (E.D. La. 2003). By way of its unjust enrichment claim, CFX merely alleges unjust enrichment in the alternative in

the event that the defendants are determined to "have not committed copyright infringement or engaged in unfair competition." (Dkt. 1, ¶73.) In addition, CFX has not alleged any breach of contract or fiduciary duty by AEW. As such, CFX's unjust enrichment claim is clearly preempted by the Copyright Act and should be dismissed.

**V.    CFX's Claim for Liability for Acts Causing Damages (Count VI of the Complaint) Is Preempted by the Copyright Act**

By way of its Claim for Liability for Acts Causing Damages, CFX simply asserts that "Defendants' unauthorized use in commerce of the Infringements as alleged herein has caused damage and continues to cause damage to CFX." This claim is not qualitatively different than the cause of action for copyright infringement, as CFX is merely seeking damages for the alleged "infringement." If AEW is deemed to have infringed any copyright interest owned by CFX, AEW would potentially be liable for damages under the Copyright Act, which outlines the sole remedies that are available to copyright owners. The Louisiana statute cited by CFX does not give CFX any claim to additional (or alternative) damages for the same alleged acts that are the subject of CFX's claim for copyright infringement. As such, this claim is also preempted by the Copyright Act.

**VI.    CONCLUSION**

For the foregoing reasons, AEW respectfully requests that the Court dismiss Claims II, III, IV, V, and VI of the complaint on failure to state a claim and/or preemption grounds.

Respectfully submitted,

/s/*Bradley M. Stohry*
Bradley M. Stohry (Admitted *Pro Hac Vice*)
REICHEL STOHRY DEAN LLP
525 S. Meridian St., Suite 1A2
Indianapolis, IN 46225
Telephone: (317) 501-2891
Facsimile: (317) 454-1349
brad@rsindy.com

Brad E. Harrigan (Bar No. 29592)
TOLAR HARRIGAN & MORRIS LLC
1055 St. Charles Avenue, Suite 208
New Orleans, LA 70130
Telephone: (504) 571-5317
Facsimile: (504) 571-5437
bharrigan@nolaipa.com

**Counsel for All Elite Wrestling, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2023, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/*Bradley M. Stohry*
Bradley M. Stohry