UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COMPOSITE EFFECTS, LLC,**<br><br>           Plaintiff,<br><br>v.<br><br>**ALL ELITE WRESTLING, LLC** and **AUSTIN MATELSON,**<br><br>           Defendants. | **CAUSE NO. 2:22-CV-05351-EEF-MBN**<br><br>**DISTRICT JUDGE FALLON**<br><br>**MAGISTRATE JUDGE NORTH** |

**DEFENDANT AUSTIN MATELSON'S REPLY IN
SUPPORT OF MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM UNDER FED. R. CIV. P. 12(b)(6)**

**I.      INTRODUCTION**

CFX's opposition to Matelson's motion to dismiss suffers from the same basic flaw as its Amended Complaint: it merely asserts, without plausible factual support, that the alleged infringing merchandise and newest mask used by Matelson are substantially similar to CFX's copyrighted Viper Design. The Court can and should conclude from the face of the Amended Complaint that the alleged infringing works are not substantially similar. CFX's Louisiana Unfair Trade Practices Act and contract claims similarly lack plausible factual support and should be dismissed as well.

18670840v2

Undersigned counsel for Matelson has conferred with counsel for All Elite Wrestling, LLC ("AEW") and is authorized to state that AEW joins in the arguments presented in this reply brief.

## II. ARGUMENT

### A. CFX's Copyright Claim must be dismissed because the alleged infringing products are not substantially similar to the Copyrighted Work.

1. <u>CFX asserts copyright protection only over the Copyrighted Work (i.e., the Viper mask), and not over later versions of the Luchasaurus Mask.</u>

CFX's Amended Complaint and Opposition to the Motions to Dismiss make it easy to get lost on which work, precisely, it claims is being infringed, and which works it claims are infringing. With regard to the work alleged to be infringed, the only copyright that CFX asserts is Reg. No. VA-2-129-774. That registration covers one specific work, namely, CFX's Viper Silicone Mask (the "Copyrighted Work"), an image of which is attached to this brief as **Exhibit A**. (FAC ¶¶ 16-17.)

As CFX has asserted only this one registration, the Copyrighted Work is the only work that could form the basis for its infringement claim. This is because copyright registration "is a prerequisite to maintain an infringement lawsuit." *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816. In *Creations Unlimited*, the plaintiff was "in the business of designing artwork and the printing that artwork on tee-shirts which [were] sold to the public at craft fairs and festivals." *Id.* at 815. The plaintiff "registered the copyrights to a

number of black and white line drawings" but did not have copyrights on the tee-shirts that incorporated those designs. *Id.* The plaintiff then sued defendants for copyright infringement for tee-shirts allegedly modeled on the plaintiffs' designs. *Id.* The district court held that the defendants' tee-shirts "differed from [plaintiffs'] line drawings in too many respects for a layman to conclude that the works were substantially similar." *Id.* at 816. The Fifth Circuit affirmed, holding that the district court properly compared the defendants' tee-shirts to the plaintiffs' "registered black and white line drawings, rather than to the ultimate rendition of those line drawings on [plaintiffs'] tee-shirts." *Id.*

In this case, then, the only work alleged to be infringed is the Copyrighted Work itself—not the various iterations of masks later created for Matelson (collectively, the "Luchasaurus Mask"). The fact that CFX alleges it made and sold to Matelson certain versions of the Luchasaurus Mask does not change the analysis.[1]

> 2. <u>The only alleged infringing works are the Luchasaurus Merchandise and the Ojala Mask.</u>

Next, we need to identify which works are alleged to infringe on the Copyrighted Work. CFX points to a number of different masks that have been used over time; for example, on page 4 of the Opposition, CFX labels different images as the "2016 version,"

---

[1] Though the Court need not consider this fact in its analysis of substantial similarity, the reality is that Matelson himself was the primary creative force behind the Luchasaurus Mask. CFX's attempt to frame this case as "a large corporation attempting to steal an artist's design for its own profit" (Opp. at 2) gets things backwards. CFX is attempting to take credit—and money—for the Luchasaurus Mask now that Matelson's wrestling career has achieved considerable success.

3

"2019 green version," and "2021 black version" of the Luchasausus Mask. But CFX does not allege that Matelson's *use* of the different versions of the Luchasaurus Mask as part of his wrestling act (such as when appearing at AEW events) infringes any copyright interest of CFX. Instead, with regard to Luchasaurus Mask, CFX merely alleges that the use of images featuring the Luchasaurus Mask on merchandise (collectively, the "Luchasaurus Merchandise") infringes the Copyrighted Work. One example of Luchasaurus Merchandise is attached to this brief as **Exhibit B** (this is a larger version of the same image that was displayed on page 15 of CFX's Opposition and in paragraph 29 of the Amended Complaint).[2]

The only actual mask that is alleged to infringe the Copyrighted Work is the one created by Ojala (the "Ojala Mask"). A photograph of the Ojala Mask is attached to this brief as **Exhibit C** (this is a larger version of one of the images shown in paragraph 46 of the Amended Complaint). Notably, CFX does not assert that the Ojala Mask has actually been used Matelson, nor has CFX alleged that AEW has sold any merchandise displaying the Ojala Mask.

With these facts in mind, the issue for the Court to decide is whether CFX has plausibly alleged that the Copyrighted Work is infringed by: (1) Luchasaurus

---

[2] The "2016 version" of the mask noted on page 4 of CFX's Opposition (and described as an "early iteration" in the Amended Complaint, ¶ 40) predates all of the Luchasaurus versions and is not relevant to the infringement claim at all. CFX does not claim that Defendants have incorporated this version of the mask into any of the allegedly infringing merchandise.

Merchandise sold by Defendants; or (2) the creation and potential use of the Ojala Mask. The answer is no, because CFX has not plausibly alleged that the alleged infringing works are substantially similar to the Copyrighted Work.

> 3. <u>The overall aesthetic appeal of the Luchasaurus Merchandise and the Ojala Mask is entirely distinct from the Copyrighted Work.</u>

The touchstone of the "substantial similarity" analysis is a "side-by-side comparison … between the original and the copy to determine whether a layman would view the two works as substantially similar." *Nola Spice Designs, L.L.C. v. Haydel Enterp., Inc.*, 783 F.3d 527, 550 (5th Cir. 2015) (citing *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997)) (internal quotation omitted). "The standard test for substantial similarity between two items is whether an 'ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same." *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 111 (2d Cir.2001).

CFX accurately describes both the Copyrighted Work and the Luchasaurus Mask as "fanciful depictions of reptilian-like creatures…appropriately described as fantasy/monster masks." (Opp. at 12.) And as CFX points out, for such "fantasy/monster depictions, '[t]he fictional species is the artistic expression. For such creations, one work is substantially similar to another if the ordinary observer would regard their aesthetic appeal as the same; put another way, if the accused work captures the total concept and feel of the copyrighted work, it is substantially similar.'" (Opp. at 12, *citing BSS Studio Inc. v. Kmart Corp.*, No. 98 C 6298, 1999 WL 1427831, at *1 (N.D. Ill. Dec. 21, 1999 (internal

quotation omitted).)  *See also Nola Spice.*, 783 F.3d at 550 (emphasizing the "importance of the copied protectable elements to the copyrighted work as a whole").

When Exhibit A (the Copyrighted Work) and Exhibit B (example of Luchasaurus Merchandise) are compared side by side, the differences overwhelm any similarities. The mask images in the Luchasaurus Merchandise are all iterations of the Luchasaurus Mask, not the Copyrighted Work.  And the only potential similarity between the Copyrighted Work and the Luchasaurus Mask is a portion of the scale pattern.  Otherwise, the Luchasaurus Mask is entirely different than the Copyrighted Work.  Among the obvious differences are the following: (1) the Luchasaurus Mask has horns, while the Copyrighted Work does not; (2) the Luchasaurus Mask covers only the front half of the face, above the mouth, while the Copyrighted Work is a full head covering with cowl that extends down onto the wearer's shoulders; and (3) the Luchasaurus Mask has an entirely different color scheme than the Copyrighted Work's pale gray-green, with black stripes.  As a matter of common sense, an ordinary observer would never conclude that the "total concept and feel" is the same as the Copyrighted Work.

When Exhibit A (the Copyrighted Work) is compared side by side with Exhibit C (the Ojala Mask), the differences are even starker.  The additional differences displayed by the Ojala Mask include (1) shape and placement of the scales (rounded versus angular); (2) difference in the mouth hole shape; and (3) presence of raised cheek ridges.

As with the Luchasaurus Mask, there is no plausible claim that the Ojala Mask's aesthetic appeal is substantially the same as the Copyrighted Work.[3]

CFX's primary authority in its opposition—the Fifth Circuit's decision in *Cat & Dogma, LLC v. Target Corp.*, No. 20-50674, 2021 WL 4726593 (5th Cir. Oct. 8, 2021)—does not help its position. As an initial matter, the decision itself provides that it "should not be published and is not precedent…[.]" *Id.* at *1. And the case is easily distinguishable on the facts. The copyrighted work in *Cat & Dogma* was a children's pajama garment displaying a specific arrangement of the cursive words "i love you." *Id.* at *1. The alleged infringing products were children's garments (together with sheets and blankets) that had a "similarly arranged" i-love-you design. *Id.* at *4.[4] Thus, the Fifth Circuit's conclusion that there was an issue of fact as to substantial similarity is unsurprising.

Here, by contrast, there are obvious differences between the works at issue, which are apparent from the face of the Amended Complaint. Accordingly, CFX has not plausibly alleged a claim for copyright infringement.

---

[3] CFX cites a comment by a purported third party who supposedly said that the "this is literally just a sculpt of his modified Viper mask from Composite FX." (Opp. at 14.) Even if this comment could ever be authenticated, it does not plausibly support CFX's claim, because it is clear that the commenter is comparing the Ojala Mask to the Luchasaurus Mask, not the Copyrighted Work.

[4] The images of the products displayed on page 16 of CFX's opposition brief do not appear in the Fifth Circuit's *Cat & Dogma* opinion. It is unclear where CFX obtained those images, and in any event they are not part of the Fifth Circuit's actual analysis.

### B. CFX's LUTPA claim should be dismissed for failure to state a claim, and because it is preempted by the Copyright Act.

CFX "concedes that the object of the [alleged] LUTPA violation hinges on copyrighted materials." (Opp. at 18.) And CFX does not identify any "unfair or deceptive acts"—the basic requirement for a LUTPA violation, see La. Rev. Stat. § 51:1405—apart from Defendants' alleged copyright infringement. CFX attempts to argue that "Defendants engaged in deceitful and unethical conduct by misrepresenting their intentions and intentionally prolonging negotiations in a deceptive manner so Defendants could secure a third party to steal CFX's designs and sell off inventory." (Opp. at 19.) But logically, such conduct can be described as "deceitful and unethical" *only if* Defendants' merchandise actually infringes on the Copyrighted Work. Thus, because there is no copyright infringement, there is no LUTPA violation either.

With respect to Copyright Act preemption, the Fifth Circuit's decision in *Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 404 (5th Cir. 2000) is distinguishable. In *DeCastro*, the LUTPA claim involved much more than simply copying a design; it involved a competitor allegedly conspiring with other defendants to misappropriate confidential software information in violation of written confidentiality restrictions. *Id.* at 399, 405. These allegations of "fraud, misrepresentation or other unethical conduct" provided the "extra element" sufficient to overcome Copyright Act preemption. *Id.* at 404. Nothing like that is alleged here. Rather, CFX's LUTPA claim is

simply a replica of its copyright claim, with the LUTPA label slapped on. Accordingly, it is preempted by the Copyright Act and should be dismissed.

### C. CFX's breach of contract claim should be dismissed because it fails to plausibly allege the existence of a contract, and because it is preempted by the Copyright Act.

CFX's contract argument boils down to its belief that "[a]ll customers are bound by CFX's terms when a mask is purchased, and there is no exception for Matelson." (Opp. at 20.) But in order to allege that there was a meeting of the minds between CFX and Matelson, CFX must plausibly allege that Matelson himself was aware of and specifically agreed to be bound by those terms when he purchased masks from CFX. The Amended Complaint contains no such allegations; in fact it points in precisely the opposite direction. The Amended Complaint makes clear that that Matelson did not simply order a stock mask off the website that contained the alleged terms; rather, he worked with CFX on a custom made mask. (FAC ¶¶ 18-20.) CFX does not allege that there were any terms and conditions attached to its sale of any custom mask to Matelson. Indeed, the only discussions about license terms occurred *after* CFX sold Matelson the masks; and the Complaint is clear that those discussions were "fruitless" and no deal was ever finalized. (*Id.* ¶¶ 23-25.)

CFX also argues that "to the extent it is not clear that Matelson was aware of CFX's terms when he initially started to purchase masks in 2016, it is clear that Matelson was aware of the terms before any merchandise was created or sold." (Opp. at 20.) But of

9

course, the question is whether there was a meeting of the minds *at the time CFX sold Matelson the masks*, not whether AEW communicated its position to Matelson sometime after the fact. As a matter of basic contract law, CFX cannot unilaterally impose terms and conditions after the transaction in question. *See Express Lien, Inc. v. Nationwide Notice, Inc.*, No. CV 16-2926, 2016 WL 7097382, at *4 (E.D. La. Dec. 5, 2016) ("There must be a 'meeting of the minds' between the parties to make a contract enforceable.").

As to preemption, CFX claims that the breach was "merchandising CFX's Copyrighted Work without obtaining a separate license agreement with CFX." (FAC ¶ 80.) This is precisely the same conduct that underlies its copyright claim, and thus the "mere act of reproduction, distribution, or display" forms the alleged contractual breach. *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir. 1990). Thus, CFX's breach of contract claim is based on the *lack* of a license agreement, in contrast to *Taquino*, where there was a specific contractual prohibition on the defendant's alleged conduct. *Id.* For this reason, the contract claim is preempted—a separate and additional reason to dismiss it under Rule 12(b)(6).

### III. CONCLUSION

For the foregoing reasons, and those expressed in Matelson's initial brief, the Court should dismiss all claims in the First Amended Complaint. Undersigned counsel is authorized to state that AEW joins in the arguments presented in this reply brief.

/s/ Matthew T. Kemp
Matthew T. Kemp (Ohio 0093136)
*(admitted pro hac vice)*
SHUMAKER, LOOP & KENDRICK, LLP
1000 Jackson Street
Toledo, Ohio 43604
Telephone:  (419) 241-9000
Facsimile:  (419) 241-6894
Email:  mkemp@shumaker.com

Brent A. Talbot (#19174)
CHAFFE MCCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Email:  talbot@chaffe.com

*Attorneys for Defendant*
*Austin Matelson*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2023, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Matthew T. Kemp
Matthew T. Kemp (Ohio 0093136)
*(admitted pro hac vice)*
SHUMAKER, LOOP & KENDRICK, LLP

*Attorneys for Defendant*
*Austin Matelson*