UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COMPOSITE EFFECTS, LLC, <br><br> Plaintiff, <br><br> Versus <br><br> ALL ELITE WRESTLING, LLC and AUSTIN MATELSON, <br><br> Defendants. | CIVIL ACTION NO. 2:22-cv-05351-EEF-MBN <br><br> DISTRICT JUDGE FALLON <br><br> MAGISTRATE JUDGE NORTH |

**ORDER AND REASONS**

The Court has before it Defendant Austin Matelson's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). R. Doc. 24. Defendant All Elite Wrestling, LLC ("AEW") has also filed a Motion to Dismiss adopting Matelson's arguments. R. Doc. 25. Plaintiff Composite Effects, LLC ("CFX") has responded in opposition. R. Doc. 26. Having considered the briefing and the applicable law, the Court now rules as follows.

I.  BACKGROUND

In 2016, prior to signing an agreement to wrestle professionally on behalf of AEW, Matelson purchased a modified version of CFX's copyrighted "Viper Silicon Mask" (the "Copyrighted Work") to be used in his wrestling costume. R. Doc. 21 at 5. CFX subsequently created further modified versions of the Copyrighted Work for Matelson by adding horns and making some other changes such as changing the mask's color and the shape of the mouth hole (the "Luchasaurus Masks"). *Id.* at 6. In June 2019, CFX learned that Matelson had signed with AWE to wrestle professionally. *Id.* at 7. Anticipating that his new professional career would include

merchandizing of Matelson's costumed image, CFX contacted Matelson in an attempt to enter into an agreement allowing Matelson to use the imagery of the masks it has designed for him based on the Copyrighted Work. *Id.* Matelson never entered into such an agreement, but Matelson and AEW proceeded to manufacture and sell tens of thousands of merchandizing goods, including t-shirts, face masks, and action figures, featuring the Luchasaurus Masks. *Id.* at 8. In January 2022, CFX contacted Defendants requesting that they either cease all infringing activity or enter into a merchandizing licensing agreement with CFX for use of the image of the Luchasaurus Masks. *Id.* at 9. However, no agreement was reached, and Defendants continued to advertise and sell the allegedly infringing merchandise. *Id.* at 10. Accordingly, CFX filed the instant suit against Defendants in December 2022. R. Doc. 1.

CFX asserts three causes of action: (1) violation of federal copyright law, 17 U.S.C. § 501; (2) violation of the Louisiana Unfair Trade Practices Act, LA. R.S. 51:1409 ("LUTPA"), and; (3) breach of contract under Louisiana law. In lieu of an answer, Defendants have filed the instant motion to dismiss pursuant to Rule 12(b)(6).

## II. PRESENT MOTION

Defendants now move this Court to dismiss all of CFX's claims. R. Docs. 24; 25. They assert that CFX has failed to assert a copyright claim upon which relief could be granted because it has failed to plausibly allege that the Luchasaurus Masks which Defendants featured on the allegedly infringing merchandise are "substantially similar" to the original Copyrighted Work—the Viper Silicon Mask on which the Luchasaurus Masks were based. R. Doc. 24 at 8. On the same basis, Defendants argue that CFX has failed to plausibly allege a violation of the LUTPA, or, in the alternative, that CFX's LUTPA claim is preempted by federal copyright law. *Id.* at 17. Finally, Defendants argue that CFX's breach of contract claim must be dismissed because CFX has failed

to plausibly allege the existence of a contract between itself and Matelson, or, in the alternative, because the breach of contract claim is also preempted by federal copyright law. *Id.* at 19.

In response, CFX asserts that (1) it has adequately alleged facts whereby a reasonable jury could find that the Luchasaurus Masks are substantially similar to the Copyrighted Work; (2) it has adequately alleged that Defendants violated the LUTPA by infringing CFX's copyright and deceptively prolonging negotiations over merchandizing rights while in fact soliciting other companies to copy CFX's design, and that its LUTPA claim is not preempted by federal copyright law under Fifth Circuit precedent, and; (3) it has alleged formation of a contract with Matelson adequately to state a claim for breach of contract, and that its breach of contract claim is not preempted by federal copyright law under Fifth Circuit precedent.

### III.   APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts sufficient to allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in the light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Co.*,

495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

IV. **DISCUSSION**

Defendants move this Court to dismiss Plaintiff's claims (1) for federal copyright violation; (2) under the LUTPA, and; (3) for breach of contract. The Court will examine each of those claims in turn.

A. **Copyright Violation**

"To establish a claim for copyright infringement, a plaintiff must prove that: (1) he owns a valid copyright and (2) the defendant copied constituent elements of plaintiff's work that are original." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 251 (5th Cir.2010) (internal quotation marks and citations omitted). The second element requires both factual copying and substantial similarity. *Id.* In their motion to dismiss this claim, Defendant argue only that CFX has not plausibly alleged that the allegedly infringing works are substantially similar to CFX's Copyrighted Work.

The touchstone of the "substantial similarity" analysis is a "side-by-side comparison . . . between the original and the copy to determine whether a layman would view the two works as substantially similar." *Nola Spice Designs, L.L.C. v. Haydel Enterp., Inc.*, 783 F.3d 527, 550 (5th Cir. 2015) (citing *Creations Unlimited, Inc. v. McCain*, 112 F.3d 814, 816 (5th Cir. 1997)) (internal quotation omitted). Accordingly, the Fifth Circuit has explained that "the question of substantial similarity typically should be left to the factfinder[.]" *Nola Spice*, 783 F.3d at 550; *see also Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57 (2d Cir. 2010) ("[Q]uestions of non-infringement have traditionally been reserved for the trier of fact."). Only

where the similarity between the two works concerns only non-copyrightable elements of the plaintiff's work, which no party asserts is the case here, or where no reasonable jury could find that the two works are substantially similar should the Court resolve this issue without submission to a factfinder. *See Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57 (2d Cir. 2010) (citing *Warner Bros. Inc. v. Am. Broad. Cos.*, 720 F.2d 231, 240 (2d Cir. 1983)).

Here, CFX argues that it can easily be seen from the submitted photographs that the Luchasaurus Masks are simply reproductions of the major components of the Copyrighted Work, with some additional elements, such as horns, and some alterations, such as cutting out the mouth hole. CFX points specifically to the "intricate scaling pattern[,]" which it asserts is the "aesthetic focus of the design[,]" and remains essentially unchanged from the Copyrighted Work to the Luchasaurus Masks. Given that that "the question of substantial similarity typically should be left to the factfinder[,]" *Nola Spice*, 783 F.3d at 550, and given the evident visual similarity of the works in question, the Court cannot find that no reasonable jury could find that Defendants have violated CFX's copyright. CFX's claims are thus adequate to survive 12(b)(6) review.

**B. LUTPA**

Defendants argue first that CFX's LUTPA claim must be dismissed because CFX fails to plausibly allege any copyright infringement. Because this Court has already held *supra* that CFX has plausibly alleged that Defendants violated its copyright, the Court need not address this argument a second time.

In the alternative, Defendants argue that CFX's LUTPA claim is preempted by federal copyright law. The Copyright Act preempts state law claims that fall within the ambit of federal

copyright law. 17 U.S.C. § 301(a). Courts in the Fifth Circuit employ a two-step test to determine if a claim is preempted by the Copyright Act. "First, the cause of action is examined to determine if it falls 'within the subject matter of copyright.' Second, the cause of action is examined to determine if it protects rights that are 'equivalent' to any of the exclusive rights of a federal copyright, as provided in 17 U.S.C. § 106." *Daboub v. Gibbons*, 42 F.3d 285, 289 (5th Cir.1995) (internal citations omitted). Because the parties agree that this cause of action falls within the subject matter of copyright, the question of preemption depends on the second element of the two-step test: whether the rights are "equivalent", commonly called the "extra element" test. *First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc.*, CV 15-638, 2016 WL 5869787, at *7 (E.D. La. Oct. 7, 2016) (citing *Alcatel USA, Inc. v. DGI Technologies, Inc.*, 166 F.3d 772, 787 (5th Cir. 1999)). Under the extra element test, "[i]f one or more qualitatively different elements are required to constitute the state-created cause of action being asserted, then the right granted under state law does not lie within the general scope of copyright, and preemption does not occur." *Id.* (internal quotations and citations omitted).

 The Fifth Circuit has held that a LUTPA claim is not preempted by federal copyright law, explaining that "[b]ecause a cause of action under the [LUTPA] requires proof of fraud, misrepresentation or other unethical conduct . . . the relief it provides is not 'equivalent' to that provided in the Copyright Act and, thus, it is not pre-empted." *Computer Mgmt. Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 404–05 (5th Cir. 2000) (internal citations omitted). Defendants seek to distinguish *Computer Mgmt.* by arguing that nothing like the allegations of fraud, misrepresentation, or other unethical content which the Fifth Circuit found to provide the "extra element" sufficient to overcome Copyright Act preemption in that case are present here. But in addition to arguing violation of their copyright, CFX has pleaded that "Defendants

engaged in deceitful and unethical conduct by misrepresenting their intentions and intentionally prolonging negotiations in a deceptive manner so [that they] could secure a third party to steal CFX's designs[.]" At the 12(b)(6) stage, the Court finds that this is adequate to plausibly plead that CFX's LUTPA claim is not preempted by federal copyright law.

### C. Breach of Contract

Finally, Matelson seeks dismissal of CFX's breach of contract claim, arguing that CFX has failed to plausibly allege the existence of a contract between them, or in the alternative because the claim is preempted by the Copyright Act.

Under Louisiana law, "[t]here must be a 'meeting of the minds' between the parties to make a contract enforceable." *Express Lien, Inc. v. Nationwide Notice, Inc.*, 2016 WL 7097382, at *4 (E.D. La. Dec. 5, 2016) (citation omitted). CFX has pleaded that Matelson entered into a sales contract with it pursuant to the terms and conditions regarding the licensing and usage of intellectual property on its website by purchasing the masks. However, Matelson points to *Express Lien* to argue that there was no meeting of the minds, and thus no contract formation, because Plaintiff does not allege that Matelson ever agreed to or was even aware of those terms and conditions, only that they were displayed on the CFX website.

In *Express Lien*, the court dismissed the plaintiff's beach of contract claim, finding that the plaintiff's allegation that by using plaintiff's website the defendant had agreed to be bound by the terms and conditions on that website was inadequate to plead contract formation. However, *Express Lien* is easily distinguishable from this case: there, the plaintiff had accused the defendant of copying material from the plaintiff's website and presenting it as the defendant's own. The defendant was therefore alleged merely to have accessed and used the plaintiff's

website by copying it; there was no allegation that the defendant had purchased any good or service from the plaintiff's website which would have bound it to that website's terms and conditions. In this case, however, Matelson undeniably purchased masks from CFX, and is therefore bound by the terms and conditions of that sale. Accordingly, CFX had adequately pleaded the existence of a contract between itself and Matelson.

In the alternative, Matelson argues that Plaintiff's breach of contract claim is preempted by the Copyright Act. As discussed *supra*, the Fifth Circuit employs a two-part test to determine whether the Copyright Act preempts a state law claim: (1) whether the claim is within the subject matter of copyright, and (2) whether the cause of action protects rights that are equivalent to any of the exclusive rights of federal copyright. *See Spear Mktg., Inc. v. Bancorpsouth Bank*, 791 F.3d 586, 594 (5th Cir. 2015) (internal citations omitted). The parties again do not contest that the contract claim is within the subject matter of copyright, but argue whether the rights CFX asserts in this claim are equivalent to the exclusive rights of federal copyright.

"A right is equivalent if the mere act of reproduction, distribution, or display infringes it." *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir. 1990). But where a beach of contract claim involves an element in addition to mere reproduction, distribution, or display—that is, where there was an alleged breach of a term of terms of the contract not limited to a copyright violation—the claim is not preempted by federal copyright law. *See id.* Here, CFX has alleged not just that Matelson breached the contract between the parties by violating CFX's copyright, but also breached other contractual provisions including the illicit manufacture and sale of merchandise based of CFX's products or designs. Accordingly, CFX has adequately pleaded that its breach of contract claim is not preempted by the Copyright Act in order to survive 12(b)(6) review.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss, R. Docs. 24 and 25, are hereby **DENIED**.

New Orleans, Louisiana, this 16th day of May, 2023.

_____
United States District Judge