UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| **COMPOSITE EFFECTS, LLC,** | |
| **Plaintiff,** | CAUSE NO. 2:22-cv-05351-EEF-MBN |
| v. | DISTRICT JUDGE FALLON |
| **ALL ELITE WRESTLING, LLC and AUSTIN MATELSON,** | MAGISTRATE JUDGE NORTH |
| **Defendants.** | |

## <u>AUSTIN MATELSON'S ANSWER TO AMENDED COMPLAINT</u>

Defendant Austin Matelson, answers the First Amended Complaint of Composite Effects, LLC ("CFX"), paragraph by paragraph, as follows:

1. This paragraph is a purported description of the action to which no response is required. To the extent a response is required, Matelson denies.

## <u>JURISDICTION AND VENUE</u>

2. This paragraph is a purported description of the action to which no response is required. To the extent a response is required, Matelson denies.

3. Matelson admits that the Court generally has subject matter jurisdiction over this matter but denies that CFX has any valid claims.

4. Matelson admits that the Court generally has supplemental jurisdiction over the asserted state law claims but denies that CFX has any valid claims.

5. Matelson admits that venue is proper in this District.

6. Matelson admits only that he communicated with CFX regarding producing a modified mask and denies all remaining allegations of this paragraph.

7. Matelson denies the allegations contained in paragraph 7.

8. Matelson lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph and therefore denies them.

9. Matelson admits only that he has participated in AEW events and denies all remaining allegations of this paragraph.

10. Matelson admits that venue is proper in this District.

## PARTIES

11. Matelson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

12. Matelson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

13. Matelson admits the allegations of this paragraph.

## FACTS

14. Matelson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

15. Matelson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

16. Matelson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

17. Exhibit 1 contains documents which speak for themselves. Matelson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

18. Matelson denies the allegations of this paragraph.

19. Matelson admits only that he communicated with CFX in or about December 2016 regarding creation of a customized mask. Matelson denies all remaining allegations of this paragraph.

20. Matelson admits only that CFX, working at his direction, produced certain iterations of what is known as the Luchasaurus mask. Matelson denies all remaining allegations of this paragraph.

21. Matelson denies the allegations of this paragraph.

22. Matelson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

23. Matelson admits only that CFX sent the correspondence reflected in Exhibit 2. Matelson denies all remaining allegations of this paragraph.

24. Matelson admits only that the parties engaged in the correspondence reflected in Exhibit 3. Matelson denies all remaining allegations of this paragraph.

25. Matelson lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to correspondence between AEW and CFX. Matelson admits only that he sent the communication reflected in Exhibit 4. Matelson denies all remaining allegations of this paragraph.

26. Matelson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

27. Matelson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

**Activities of Defendants**

28. Matelson denies the allegations of this paragraph.

29. Matelson admits only that AEW has sold certain merchandise reflecting the Luchasaurus design but denies that any such sales constitute "Infringements."

30. Matelson denies the allegations contained of this paragraph.

31. Matelson admits the allegations contained in paragraph 31, but denies that CFX's claims in the letter have any merit.

32. Matelson admits that CFX sent him a letter dated August 15, 2022, but denies any that CFX's claims in the letter have any merit.

33. Matelson denies the allegations of this paragraph.

34. Matelson denies the allegations of this paragraph.

35. Matelson denies the allegations of this paragraph.

36. Matelson denies the allegations of this paragraph.

37. Matelson admits only that he has not entered into a written licensing agreement with CFX, but denies all remaining allegations of this paragraph. Matelson specifically denies any inference that a licensing agreement was required.

38. Matelson denies the allegations of this paragraph.

39. Matelson admits only that he has worked with Ojala FX to produce a new mask. Matelson denies all other allegations of this paragraph.

40. Matelson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

41. Matelson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them

42. Matelson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

43. Matelson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

44. Matelson lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

45. Matelson admits only that the images in paragraph 45 appear to depict a Luchasaurus mask created by Ojala. Matelson lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and therefore denies them. Matelson specifically denies that the mask depicted in paragraph 45 is an Infringement.

46. Matelson denies the allegations of paragraph 46.

47. Matelson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

48. Matelson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

49. Matelson denies the allegations of this paragraph.

50. The meaning of "Ojala mask" is vague. Subject to this objection, Matelson admits that he has used the mask produced by Ojala in certain wrestling events but denies all remaining allegations of this paragraph. Matelson specifically denies that any of his activities infringed on CFX's rights.

51. Matelson denies the allegations of this paragraph.

52. Matelson denies the allegations of this paragraph.

53. Matelson admits the allegations contained in paragraph 53.

54. Matelson admits only that Defendants have produced or participated in certain shows in Louisiana. Matelson lacks knowledge or information sufficient to form a belief as to

whether AEW "specifically targeted its marketing efforts to Louisiana." Matelson denies that he "specifically targeted" any marketing efforts to Louisiana.

### Count I: Federal Copyright Infringement (17 U.S.C. § 501)

55. Matelson incorporates his preceding answers.

56. Matelson lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in this paragraph and therefore denies them.

57. Matelson denies the allegations of this paragraph.

58. Matelson denies the allegations of this paragraph.

59. Matelson denies the allegations of this paragraph.

60. Matelson denies the allegations of this paragraph.

61. Matelson denies the allegations of this paragraph.

62. Matelson denies the allegations of this paragraph.

63. Matelson denies the allegations of this paragraph.

64. Matelson denies the allegations of this paragraph.

65. Matelson denies the allegations of this paragraph.

### Count II: Louisiana Unfair Trade Practices (La. R.S. 51:1409)

66. Matelson incorporates his preceding answers.

67. Matelson denies the allegations of this paragraph.

68. Matelson denies the allegations of this paragraph.

69. Matelson denies the allegations of this paragraph.

70. Matelson denies the allegations of this paragraph.

71. Matelson denies the allegations of this paragraph.

72. Matelson denies the allegations of this paragraph.

73. Matelson denies the allegations of this paragraph.

74. Matelson denies the allegations of this paragraph.

### Count III: Breach Of Contract

75. Matelson incorporates his preceding answers.

76. Matelson denies the allegations of this paragraph.

77. Matelson denies the allegations of this paragraph.

78. Matelson lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

79. Matelson denies the allegations of this paragraph.

80. Matelson denies the allegations of this paragraph.

81. Matelson denies the allegations of this paragraph.

82. Matelson denies the allegations of this paragraph.

### Plaintiff's Prayer for Relief

Matelson denies that CFX is entitled to any of the requested relief contained in paragraphs 1 - 8 of CFX's Prayer for Relief.

### AFFIRMATIVE DEFENSES

Without accepting the burden of proof on any fact or issue, Matelson alleges and asserts the following affirmative defenses. In addition to the affirmative defenses described below and subject to its responses above, Matelson specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### First Affirmative Defense
### (Ownership of Copyright by Matelson)

Matelson is the owner of the copyright (or is co-owner of the copyright) for the work(s) in question in this case, by virtue of (i) his sole or joint authorship of the work(s) in question; (ii) his

work for hire arrangement with CFX; and/or (iii) his registration of Copyright Number VA0002290925 for the Luchasaurus Mask.

## Second Affirmative Defense
### (First Sale Doctrine)

CFX's copyright and related claims related to the use of masks it sold to Matelson are barred by the first sale doctrine.

## Third Affirmative Defense
### (Failure to State a Claim)

CFX's copyright and related claims related to masks that are not registered with the U.S. Copyright Office fail to state a claim upon which relief can be granted.

## Fourth Affirmative Defense
### (Fair Use)

CFX's claims for copyright infringement and unfair competition fail pursuant to the doctrine of fair use.

## Fifth Affirmative Defense
### (Waiver, Acquiescence, Laches, Estoppel, Consent, and/or Unclean Hands)

Each of CFX's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, estoppel, laches, consent, and/or unclean hands.

**WHEREFORE**, Matelson prays for judgment as follows:

a. A judgment in favor of Matelson denying CFX all relief requested in its Complaint in this Action and dismissing CFX's First Amended Complaint with prejudice;

b. An award to AEW of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

c. Such other and further relief as this Court deems just and proper.

- 9 -

/s/ Matthew T. Kemp
Matthew T. Kemp (Ohio 0093136)
*(admitted pro hac vice)*
SHUMAKER, LOOP & KENDRICK, LLP
1000 Jackson Street
Toledo, Ohio 43604
Telephone: (419) 241-9000
Facsimile: (419) 241-6894
Email: mkemp@shumaker.com

Brent A. Talbot (#19174)
CHAFFE MCCALL, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Facsimile: (504) 585-7075
Email: talbot@chaffe.com

*Attorneys for Defendant*
*Austin Matelson*

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2023, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

/s/ Matthew T. Kemp
Matthew T. Kemp (Ohio 0093136)
*(admitted pro hac vice)*
SHUMAKER, LOOP & KENDRICK, LLP

*Attorneys for Defendant*
*Austin Matelson*