UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLANS DIVISION

| | |
|---|---|
| **COMPOSITE EFFECTS, LLC,** | |
| **Plaintiff,** | CAUSE NO. 2:22-cv-05351-EEF-MBN |
| Versus | DISTRICT JUDGE FALLON |
| **ALL ELITE WRESTLING, LLC and AUSTIN MATELSON,** | MAGISTRATE JUDGE NORTH |
| **Defendants.** | |

## ALL ELITE WRESTLING, LLC'S ANSWER TO AMENDED COMPLAINT

Defendant All Elite Wrestling, LLC ("AEW"), by counsel, in response to the Complaint of Composite Effect, LLC ("CFX"), states as follows:

1.  AEW admits that CFX purports to raise an action for copyright infringement, unfair trade practices, and breach of contract, but denies that CFX has any valid claims.

### Jurisdiction and Venue

2.  AEW admits that CFX purports to seek damages for copyright infringement, unfair competition, and breach of contract, but denies that CFX is entitled to any such damages.

3.  AEW admits that the Court generally has subject matter jurisdiction over this matter but denies that CFX has any valid claims.

4.  AEW admits that the Court generally has supplemental jurisdiction over the asserted state law claims but denies that CFX has any valid claims.

5.  AEW admits that venue is proper in this District.

6.  AEW is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 6, and therefore denies the same.

7. AEW denies the allegations contained in Paragraph 7.

8. AEW admits that it has hosted events in the State of Louisiana and that it has promoted such events in the State. The images shown in Paragraph 8 speaks for themselves. AEW denies any allegation or inference that any infringing materials were advertised on sold at these events.

9. AEW admits that Matelson participated in AEW events, including an event held in New Orleans. However, AEW denies the allegations that Matelson performed while wearing "CFX's copyrighted work" and that AEW sold merchandise depicting the "copyrighted work."

10. AEW admits that venue is proper in this District.

**Parties**

11. AEW is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 11, and therefore denies the same.

12. AEW admits that its principal place of business is at 1 TIAA Bank Field Drive, Jacksonville, Florida 32202. However, AEW denies that it was formed under the laws of Florida. AEW is a Delaware limited liability company.

13. AEW is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 13, and therefore denies the same.

**Facts**

**CFX's Purported Intellectual Property Rights**

14. AEW is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 14, and therefore denies the same.

15. AEW is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 15, and therefore denies the same.

16. AEW is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 16, and therefore denies the same.

17. Exhibit 1 contains documents which speak for themselves. AEW is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation about whether those documents are true and accurate copies of what CFX purports them to be, and therefore denies the same.

18. AEW is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 18, and therefore denies the same. In particular, AEW notes that this allegation is unclear, as it is not clear which "customized artistic mask used by Matelson" CFX is referring to, as Matelson has used many different masks over time.

19. AEW is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 19, and therefore denies the same.

20. AEW is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 20, and therefore denies the same.

21. The allegations in Paragraph 21 are vague, as it is not clear which "design" CFX claims to own and/or be the creator of. Therefore, AEW is without knowledge or information sufficient to form a belief as to the truth or accuracy such allegations and denies the same. AEW is also without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations regarding discussions between CFX and Matelson, and therefore denies the same. AEW admits that CFX has made claims about its purported rights and what AEW can and cannot do in its merchandising but denies that CFX's position on the issue has validity.

22. The CFX website is a document which speaks for itself. AEW is otherwise without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 22, and therefore denies the same.

23. Exhibit 2 is a document that speaks for itself. AEW denies that the purported terms that were allegedly displayed on CFX website have any effect on what AEW can and cannot do. AEW is without knowledge or information sufficient to form a belief as to the allegations about CFX's purported interactions and communications with Matelson and therefore denies the same.

24. Exhibit 3 is a document which speaks for itself. AEW is otherwise without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 24, and therefore denies the same.

25. Exhibit 4 is a document which speaks for itself. AEW denies the allegations or inference that AEW has done anything wrong with regard to merchandising rights. AEW is without knowledge or information sufficient to form a belief as to the allegations about CFX's purported interactions and communications with Matelson and therefore denies the same. AEW admits that CFX has not licensed AEW any rights to reproduce its mask design, create merchandising incorporating the design, or create a new mask based on any designs. However, AEW denies any allegation or inference that it has created or used any materials that infringe any valid rights belonging to CFX.

26. AEW is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 26, and therefore denies the same.

27. AEW is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 27, and therefore denies the same

**Purported Activities of Defendants**

28. The image shown in paragraph 28 speaks for themsevles. AEW admits that it has sold merchandise that features images that display different versions of a Luchasaurus mask, but denies all other allegations and inferences contain in Paragraph 28.

29. AEW admits that it (or its licensees) have sold the merchandise displayed in Paragraph 29, but denies any allegation or inference that such merchandise are "Infringements."

30. AEW denies the allegations contained in Paragraph 30.

31. AEW admits the allegations contained in Paragraph 31.

32. AEW admits that CFX sent it a letter on August 15, 2022, but denies any allegation or inference that there was any "Infringements" that needed to cease.

33. AEW admits that it did not respond to CFX's letter but denies that it ever infringed "CFX's Copyrighted Work."

34. AEW denies that the allegations in Paragraph 34, as they are all premised on the allegation that AEW sold "Infringements," which is not the case.

35. AEW denies that the allegations in Paragraph 35, as they are all premised on the allegation that AEW directed the manufacture and sale of "Infringements" and/or products that incorporate the "Copyrighted Work," which is not the case.

36. AEW denies the allegations contained in Paragraph 36.

37. AEW denies the allegation that it copied the "modified Copyrighted Work." AEW is without knowledge or information sufficient to form a belief as to the allegation about what mask making companies typically do and therefore denies the same. AEW admits that it has not entered into any licensing deal with CFX related to the "Copyrighted Work" or paid CFX any

amounts related to the merchandise shown in Paragraph 29, but denies any inference that a licensing deal was required.

38. AEW is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations regarding Matelson's purported interactions with George Frangadaksi and therefore denies the same. AEW denies any allegation or inference that it worked with any third party to create any derivative works or other products that would infringe any valid rights belonging to CFX.

39. AEW denies the allegations in Paragraph 39, as they infer that AEW was involved in the creation of masks used by Matelson, which is not the case. AEW is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations regarding Matelson's purported interactions with George Frangadaksi and/or Ojala FX, and therefore denies the same.

40. The image shown in paragraph 40 speaks for itself. The other allegations in Paragraph 40 are vague and confusing, as it is not clear what CFX means by an "early iteration of the CFX mask." The mask shown in the image contained in Paragraph 40 is not the same mask that is covered by U.S. Copyright Reg. No. VA-2-129-774. AEW admits that the image appears to be Matelson wearing a mask, but denies all other allegations and inferences contained in Paragraph 40.

41. The image shown in paragraph 41 speaks for itself. The other allegations in Paragraph 41 are vague and confusing, as it is not clear what CFX means by an "another iteration of the CFX mask." The mask shown in the image contained in Paragraph 41 is not the same mask that is covered by U.S. Copyright Reg. No. VA-2-129-774. AEW admits that the image appears to be

Matelson wearing a mask, but denies all other allegations and inferences contained in Paragraph 41.

42. The image shown in paragraph 42 speaks for itself. The other allegations in Paragraph 42 are vague and confusing, as it is not clear what CFX means by an "another iteration of the CFX mask." The mask shown in the image contained in Paragraph 42 is not the same mask that is covered by U.S. Copyright Reg. No. VA-2-129-774. AEW admits that the image appears to be Matelson wearing a mask, but denies all other allegations and inferences contained in Paragraph 42.

43. The Instagram post in Paragraph 42 is a document that speaks for itself. AEW denies the allegation that it requested that Ojala make this mask. AEW is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations regarding whether Matelson requested that this mask be made and therefore denies the same.

44. The photograph shown in Paragraph 44 speaks for itself.

45. The photographs shown in Paragraph 45 speak for themselves. AEW is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations regarding whether Ojala FX and Matelson posted these images and therefore denies the same.

46. The images shown in paragraph 46 speak for themselves. The other allegations in Paragraph 46 are vague and confusing, as it is not clear what CFX means by "the CFX mask." The masks shown in the images contained in Paragraph 46 are not the same, and bear no resemblance to, the mask that is covered by U.S. Copyright Reg. No. VA-2-129-774. AEW denies all other allegations and inferences contained in Paragraph 46.

47. The allegations of Paragraph 48 merely incorporate comments on an Instagram post, which comments speak for themselves. AEW denies any allegation or inference that it copied any "CFX mask."

48. AEW denies the allegations that the Ojala FX mark is a derivative work. AEW denies the allegation that it provided Ojala FX with anything. AEW is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations regarding what Matelson provided to Ojala FX and therefore denies the same.

49. AEW denies the allegations contain in Paragraph 49.

50. The other allegations in Paragraph 50 are vague and confusing, as it is not clear what CFX means by "the Ojala mask." The mask shown in the images contained in Paragraph 46, for example, is different than the one Mattelson currently uses at wrestling events. As such, AEW denies the allegations and inferences contained in Paragraph 50.

51. AEW denies that the allegations in Paragraph 51, as they are all premised on the allegation that AEW created and used "Infringements," which is not the case

52. AEW denies the allegations contain in Paragraph 52. While AEW has never accounted or paid CFX for the use of the "Copyrighted Work," AEW has never used the "Copyrighted Work."

53. AEW admits the allegations contained in Paragraph 53.

54. AEW admits the allegations contained in Paragraph 54.

**Count I: Federal Copyright Infringement (17 U.S.C. § 501)**

55. AEW repeats and incorporates all of its previous responses to Paragraphs 1 through 54 as if fully set forth herein.

56. AEW is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 56, and therefore denies the same.

57. AEW denies the allegations contained in Paragraph 57.

58. AEW denies the allegations contained in Paragraph 58.

59. AEW denies the allegations contained in Paragraph 59.

60. AEW denies the allegations contained in Paragraph 60.

61. AEW denies the allegations contained in Paragraph 61.

62. AEW denies the allegations contained in Paragraph 62.

63. AEW denies the allegations contained in Paragraph 63.

64. AEW denies the allegations contained in Paragraph 64.

65. AEW denies the allegations contained in Paragraph 65.

## **Count II: Louisiana Unfair Trade Practices (La. R.S. 51:1409)**

66. AEW repeats and incorporates all of its previous responses to Paragraphs 1 through 65 as if fully set forth herein.

67. AEW denies the allegations contained in Paragraph 67.

68. AEW denies the allegations contained in Paragraph 68.

69. AEW denies the allegations contained in Paragraph 69.

70. AEW denies the allegations contained in Paragraph 70.

71. AEW denies the allegations contained in Paragraph 71.

72. AEW denies the allegations contained in Paragraph 72.

73. AEW denies the allegations contained in Paragraph 73.

74. AEW denies the allegations contained in Paragraph 74.

### Count III: Breach Of Contract

75. Paragraphs 75 through 83 contain allegations that are only made against Matelson, so no response to these paragraphs is required by AEW. To the extent that any such response is required, AEW denies the allegations in Paragraphs 76 through 83.

### Plaintiff's Prayer for Relief

AEW denies that CFX is entitled to any of the requested relief contained in Paragraphs 1 - 8 of CFX's Prayer for Relief.

### AEW's Affirmative and Other Defenses

AEW alleges and asserts the following affirmative defenses. In addition to the affirmative defenses described below and subject to its responses above, AEW specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### First Affirmative Defense
### (Use Under License)

AEW's conduct as alleged in the Amended Complaint was under license from Matelson. Matelson is the owner of the copyright (or is co-owner of the copyright) for the work(s) in question in this case, by virtue of (i) his sole or joint authorship of the work(s) in question; (ii) his work for hire arrangement with CFX; and/or (iii) his registration of Copyright Number VA0002290925 for the Luchasaurus mask.

### Second Affirmative Defense
### (First Sale Doctrine)

CFX's copyright and related claims related to the use of masks it sold to Matelson are barred by the first sale doctrine.

### Third Affirmative Defense
### (Failure to State a Claim)

CFX's copyright and related claims related to masks that are not registered with the U.S. Copyright Office fail to state a claim upon which relief can be granted.

### Fourth Affirmative Defense
### (Fair Use)

CFX's claims for copyright infringement and unfair competition fail pursuant to the doctrine of fair use.

### Fifth Affirmative Defense
### (Waiver, Acquiescence, Laches, Estoppel, Consent, and/or Unclean Hands)

Each of CFX's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, estoppel, laches, consent, and/or unclean hands.

### AEW's Prayer for Relief

WHEREFORE, AEW pray for judgment as follows:

a. A judgment in favor of AEW denying CFX all relief requested in its Complaint in this Action and dismissing CFX's Complaint with prejudice;

b. A declaration that AEW has not infringed or violated any valid intellectual property rights belonging to CFX;

c. An award to AEW of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

d. Such other and further relief as this Court deems just and proper.

Dated: May 30, 2023                    Respectfully submitted,

/s/*Bradley M. Stohry*
Bradley M. Stohry (Admitted *Pro Hac Vice*)
REICHEL STOHRY DEAN LLP
525 S. Meridian St., Suite 1A2
Indianapolis, IN 46225
Telephone: (317) 501-2891

          Facsimile: (317) 454-1349
          brad@rsindy.com

          Brad E. Harrigan (Bar No. 29592)
          TOLAR HARRIGAN & MORRIS LLC
          1055 St. Charles Avenue, Suite 208
          New Orleans, LA 70130
          Telephone: (504) 571-5317
          Facsimile: (504) 571-5437
          bharrigan@nolaipa.com

          *Counsel for* **All Elite Wrestling, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2023, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

          /s/*Bradley M. Stohry*
          Bradley M. Stohry