**THIS PRE-TRIAL NOTICE**
**ADOPTED JUNE 2023**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**PRE-TRIAL NOTICE**

**IT IS ORDERED** that a pre-trial conference will be held in Chambers before Judge Darrel James Papillion, Section P, in this case on the date and time indicated on the attached scheduling order.

The purpose of the pre-trial conference is to narrow the issues to secure a just, speedy, and inexpensive determination of this matter. If the type of pre-trial order set forth below does not appear calculated to achieve these ends, please request a conference with the Judge and opposing counsel immediately so that alternative possibilities may be discussed.

The procedure necessary for the preparation of the proposed pre-trial order is as follows:

I.

The proposed pre-trial order must be <u>electronically filed</u> with the Court by 12 Noon, five (5) working days prior to the conference, excluding Saturdays, Sundays, and holidays (i.e., if the conference is set for 8:30 a.m. Wednesday, it must be filed by Noon the preceding Wednesday). The proposed pre-trial order shall contain electronic signatures of all counsel at the time it is electronically filed with the Court. Following the pre-trial conference, the Court will issue a minute entry which, *inter alia*, will APPROVE and ADOPT the pre-trial order, either in its entirety or with specified modifications.

II.

Counsel for all parties shall confer at their earliest convenience for the purpose of arriving at all possible stipulations and to exchange copies of documents that will be offered in evidence at the trial. It shall be the duty of counsel for plaintiff to initiate this conference, and the duty of other counsel to respond. If, after reasonable effort, any party cannot obtain the cooperation of other counsel, that party shall notify the Court. The conference of counsel shall be held at least ten days prior to the date of the scheduled pre-trial conference. Counsel for all parties shall furnish each other with a statement of the issues each party plans to offer evidence to support. The parties shall work to eliminate any issues that might appear in the pleadings about which there is no real controversy. The parties' statements shall include their view of the issues of law remaining in the case, as well as ultimate issues of fact. Counsel for plaintiff shall then prepare a proposed pre-trial order and submit it to opposing counsel. Once any necessary changes are made, counsel for plaintiff shall electronically file the final proposed pre-trial order with the Court.

III.

At their meeting, counsel **must** consider the following:

A. **Jurisdiction.** Because jurisdiction may not ever be conferred by consent and because prescription or statutes of limitations may bar a new action if the case or any ancillary demand is dismissed for lack of jurisdiction, counsel should make reasonable effort to ascertain that the Court has jurisdiction.

B. **Parties.** Correctness of identity of legal entities; necessity for appointment of tutor, guardian, administrator, executor, etc., and validity of appointment if already made; correctness of designation of party as partnership, corporation, or individual d/b/a trade name.

C. **Joinder.** Questions of misjoinder or nonjoinder of parties.

IV.

At the pre-trial conference counsel must be fully authorized and prepared to discuss settlement possibilities with the Court.

V.

The pre-trial conference must be attended by the attorneys who will try the case unless, prior to the conference, the Court grants express permission for other counsel to attend. These attorneys will familiarize themselves with the pre-trial rules and will come to the conference with full authority to accomplish the purposes of Rule 16 of the Federal Rules of Civil Procedure.

VI.

Pre-trial conferences will not be continued except for good cause as set forth in a written motion presented sufficiently in advance of the conference for opposing counsel to be notified.

VII.

Failure on the part of counsel to appear at the conference may result in **sanctions**, including, but not limited to, sua sponte dismissal of the suit, assessment of costs and attorney fees, default, or other appropriate sanctions.

VIII.

All pending motions and all special issues or defenses raised in the pleadings must be called to the court's attention in the proposed pre-trial order.

IX.

The proposed pre-trial order shall set forth the following information:

1. The date of the pre-trial conference.

2. The appearance of counsel identifying the party(s) represented.

3. A description of the parties. In cases of insurance carriers, their insured must be identified. The legal relationships of all parties with reference to the claims, counterclaims, third-party claims, cross claims, etc.

4. a. With respect to jurisdiction, a brief summary of the factual basis supporting each claim asserted, whether original claim, counterclaim, third-party claim, etc., and the legal and jurisdictional basis for each such claim, or if contested, the jurisdictional questions;

   b. In diversity damage suits, there is authority for dismissing the action, either before or after trial, where it appears that the damages reasonably could not come within the jurisdictional limitation. Therefore, the proposed pre-trial order in such cases shall contain either a stipulation that $75,000 is involved or a summary of the evidence supporting the claim that such sum reasonably could be awarded.

5. A list and description of any motions pending or contemplated and any special issues appropriate for determination in advance of trial on the merits. If the Court at any prior hearing has indicated that it would decide certain matters at the time of the pre-trial conference, a brief summary of those matters and the position of each party with respect thereto should be included in the proposed pre-trial order.

6. A brief summary of the material facts claimed by:
   a. Plaintiff;
   b. Defendant;
   c. Other parties.

7. A single listing of all uncontested material facts.

8. A single listing of the contested issues of fact. This does not mean that counsel must concur in a statement of the issues; it simply means that they must list in a single list all issues of fact. Where applicable, particularities concerning the following fact issues shall be set forth:

   a. Whenever there is in issue the seaworthiness of a vessel or an alleged unsafe condition of property, the material facts and circumstances relied upon to establish the claimed unseaworthy or unsafe condition shall be specified with particularity;

    b.    Whenever there is in issue negligence of the defendant or contributory or comparative negligence of the plaintiff, the material facts and circumstances relied upon to establish the claimed negligence shall be specified with particularity;

    c.    Whenever personal injuries are at issue, the nature and extent of the injuries and of any alleged disability shall be specified with particularity;

    d.    Whenever the alleged breach of a contractual obligation is in issue, the act or omissions relied upon as constituting the claimed breach shall be specified with particularity;

    e.    Whenever the meaning of a contract or other writing is in issue, all facts and circumstances surrounding execution and subsequent to execution, both those admitted and those in issue, which each party contends serve to aid interpretation, shall be specified with particularity;

    f.    Whenever duress or fraud or mistake is in issue, and set forth in the pleadings, the facts and circumstances relied upon as constituting the claimed duress, fraud, or mistake shall also be set forth in the pre-trial order (See Fed. R. Civ. P. 9(b));

    g.    If special damages are sought, they shall be itemized with particularity (See Fed. R. Civ. P. 9(g));

    h.    If a conspiracy is charged, the details of facts constituting the conspiracy shall be particularized.

9.    A single listing of the contested issues of law. (See explanation in 8 above.)

10.    A list and description of the exhibits that each party intends to introduce at the trial. Prior to the confection of the proposed pre-trial order, the parties shall meet, exchange copies of all exhibits, and make a good faith effort to agree as to their authenticity and relevancy. Unless otherwise ordered by the Court, only exhibits included on the exhibit list shall be included for use at trial.

    a.    Each list of exhibits first should describe those that are to be admitted without objection, and then those to which there will be objection, noting by whom the objection is made (if there are multiple adverse parties), and the nature of the objection.

    b.    If a party considers he has good cause not to disclose exhibits to be used solely for the purpose of impeachment, he may ex parte request a conference with the Court and make his position known to the Court *in camera*.

    c.    Where appropriate to preserve trade secrets or privileges, the listing of exhibits may be made subject to a protective order or in such other fashion as the Court may direct. If there are such exhibits, the proposed pre-trial order will state: "The parties will discuss exhibits alleged to be privileged (or to contain trade secrets, etc.) at the pre-trial conference."

11. A list of all deposition testimony that each party intends to offer into evidence at trial.

12. A list and brief description of any charts, graphs, models, schematic diagrams, and similar objects which, although not to be offered in evidence, respective counsel intend to use in opening statements or closing arguments.

13. a. A list of witnesses for all parties, including the names, addresses, and statement of the general subject matter of their testimony (it is not sufficient to designate the witness simply "fact," "medical," or "expert"), and an indication in good faith of those who will be called in the absence of reasonable notice to opposing counsel to the contrary;

    b.    A statement that the witness lists were filed in accordance with the Federal Rules of Civil Procedure and prior court orders. No other witnesses shall be allowed unless their addition is agreeable to all parties and does not affect the trial date. This restriction will not apply to rebuttal witnesses or documents whose necessity cannot be reasonably anticipated. Furthermore, in the case of expert witnesses, counsel shall certify that they have exchanged expert reports in accordance with the Federal Rules of Civil Procedure and prior court orders. Expert witnesses whose reports have not been furnished to opposing counsel shall not be permitted to testify nor shall experts be permitted to testify to opinions not included in the reports timely furnished;

    c.    Except for good cause shown, the Court will not permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of the pre-trial order and prior court orders;

    d.    Counsel shall not be allowed to ask questions on cross-examination of an economic expert which would require the witness to make mathematical calculations in order to frame a response unless the factual elements of such questions shall have been submitted to that expert witness at least three full working days before trial.

14. A statement indicating whether the case is a jury or non-jury case.

    a.    If the case is a jury case, then indicate whether the jury trial is applicable to all aspects of the case or only to certain issues, which issues shall be specified. In jury cases, add the following provision:

<blockquote>"Proposed jury instructions[1], special jury interrogatories, and voir dire shall be electronically filed with the Court not less than **five** (5) working days prior to the trial date."</blockquote>

    b.    In a non-jury case, suggested findings of fact and conclusions of law and a separate trial memorandum are required, unless the Court enters an order that such is not required. These findings of fact and conclusions of law and separate trial memorandum shall be electronically filed not less than **ten** (10) full working days prior to trial.

    c.    In a jury case, a trial memorandum shall be required only when and to the extent ordered by the Court. If, however, counsel anticipates unique evidentiary problems, a memo addressing the same should be filed electronically not less than **five** (5) working days prior to trial. Likewise, briefing on any unusual jury instructions requiring explanation beyond mere citation to authority shall be filed at this time.

15.    In cases where damages are sought, include a statement that: "The issue of liability (will or will not) be tried separately from that of quantum."

16.    A statement describing any other matters that might expedite a disposition of the case.

17.    A statement that trial shall commence on [month/day], [year] at [time] a.m./p.m. and a realistic estimate of the number of trial days required. Where counsel cannot agree upon the number of trial days required, the estimate of each side should be given.

18.    The statement that "This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice."

19.    The statement that "Possibility of settlement of this case was considered."

---

[1] In cases in which Louisiana law provides the rule of law, use of Louisiana Civil Jury Instructions (Vol. 18, Louisiana Civil Law Treatise Series) is required, if applicable. As to all other cases, and issues of substantive law where Louisiana law does not control, the following pattern jury instructions shall be used in the following order (e.g., an instruction from (b) shall be used only if no such instruction exists in (a)):

    (a)    the United States Court of Appeals for the Fifth Circuit pattern jury instructions; or

    (b)    any pattern jury instructions published by a federal court (the parties should ensure that substantive instructions on federal questions conform to Fifth Circuit case law).

Requests to supplement the jury instructions during the trial or at the conclusion of the evidence shall not be granted, absent good cause shown.

20. The proposed pre-trial order must contain appropriate signature spaces for counsel for all parties.

21. Each numbered paragraph of the proposed pre-trial order shall be preceded by a heading descriptive of its content.

**IT IS FURTHER ORDERED** that the foregoing pre-trial notice be issued to counsel of record for all parties to this case, and that counsel will comply with the directions set forth herein.

New Orleans, Louisiana.

_____
**DARREL JAMES PAPILLION
UNITED STATES DISTRICT JUDGE**

*If needed during trial, counsel are invited to use the Michaelle Pitard Wynne Attorney Conference Center located in Room B-245 on the second floor of the Hale Boggs Federal Building near the crossover to the Courthouse. The space features three private conference rooms, a lounge, and a computer workroom with internet, copy, fax and print services. Details and information on these services including conference room reservations can be found at http://nofaba.org or by contacting the Executive Director at 504-589-7799 or fbaneworleans@gmail.com.*